Alexander J. GREGGO, Evelyn F. Stoltz, Executrix of the Estate of A. Archie Stoltz, and Jack Stoltz, t/a Stoltz Realty Co., Defendants Below, Appellants,

v.

Mary Lou WOHL, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 18, 1968.

Harold Leshem and Joseph T. Walsh, Wilmington, for defendants below, appellants.

Victor F. Battaglia, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The defendants below, Alexander J. Greggo, Evelyn F. Stoltz, Executrix of the Estate of A. Archie Stoltz, and Jack Stoltz, t/a Stoltz Realty Co., have appealed from the entry of summary judgment against them in the Superior Court, in an action brought by Mary Lou Wohl, the appellee. The suit was brought to recover the sum of $1800.00 which the plaintiff had paid as a down payment on the purchase of a retail liquor store in Wilmington.

The property involved was owned by appellant Greggo; Stoltz Realty Co. was the broker in the transaction. On July 16, 1966, the appellee signed an agreement to purchase the property and paid to the broker the sum of $1800.00. This contract was ratified in writing by Greggo two days later. Among the conditions included in the contract was the following statement: "Sale subject to transfer of liquor license". The buyer was described as "Mary Lou Wohl and/or her assigns or nominees".

Shortly after the execution of the agreement, appellee consulted an attorney and was informed that she could not obtain a liquor license because she was under the age of 30 years. That minimum age for licensees is required by T. 4 Del.C. § 522. Appellee thereupon informed appellants that she would not carry out the contract and demanded the return of the deposit.

It is appellants' contention that Mrs. Wohl actually signed the agreement with the object of transferring it to someone else. The Court below held (1) that, without the language "and/or her assigns or nominees," the contract would be strictly an individual agreement, subject to the transfer of the liquor license to the plaintiff, a condition which could not be performed; (2) that the language referring to assigns or nominees did not deprive the

plaintiff of the legal right to keep the contract as one wholly individual to herself; (3) that she was entitled to rely upon all of the conditions of the contract for her individual benefit; and (4) that, as to these propositions, there was no room for parole evidence because there was no ambiguity. For the reasons given by the Court below, we agree that the entry of summary judgment in plaintiff's favor was proper. The Court's letter opinion referred to the quoted condition as being illegal. We consider the use of the word "illegal" incorrect. It is clear, however, that the Court meant that the condition was one impossible to perform, although the parties did not realize this at the time the agreement was made.

The judgment below will be affirmed.